UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00120-GNS

BILLY KEITH MELTON                                                                                    PLAINTIFF

v.

KATHY LITTERAL                                                                                        DEFENDANT

**MEMORANDUM OPINON AND ORDER**

This matter is before the Court on Petitioner's Motion for Reconsideration (DN 26). For the foregoing reasons, the motion is **DENIED**.

**I.     BACKGROUND**

On December 26, 2005, Billy Keith Melton ("Petitioner") was convicted in Monroe Circuit Court of murder, two counts of first degree rape, one count of intimidating a witness, and one count of being a persistent felony offender in the second degree. (Resp't's Answer App. PageID # 429-32, DN 11-2). Melton was sentenced to life imprisonment—a conviction which was upheld by the Kentucky Supreme Court. *Melton v. Commonwealth*, No. 2006-SC-000080-MR, 2007 WL 4139640 (Ky. Nov. 21, 2007). That conviction was upheld again in 2011 by the Kentucky Court of Appeals after Melton initiated a collateral attack against his sentence pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. *Melton v. Commonwealth*, No. 2009-CA-002271-MR, 2011 2078590 (Ky. App. May 27, 2011).

On July 10, 2017—over ten years following his appearance before the Kentucky Supreme Court, and nearly eight years after his initial collateral attack to the sentence—Melton, *pro se*, submitted a Petition for Writ of Habeas Corpus to this Court pursuant to 28 U.S.C. § 2254. (DN

1).  This matter was referred to the United States Magistrate Judge for Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 14).

In the R&R, Judge Brennenstuhl recommended that the petition be denied as untimely pursuant to the one-year statute of limitations contained within 28 U.S.C. 2244(d)(1) because Petitioner filed his petition over eight years late. (R&R 2). Judge Brennenstuhl also considered whether equitable tolling should apply because of Petitioner's limited cognitive capabilities. (R&R 4). He considered the contents of a report assessing Melton's abilities prepared by John M. Gatschenberger, Ph.D. and concluded that the contents of that report neither indicated Melton was incapable of contemplating filing deadlines, nor demonstrated a causal link between his abilities and the late filing. (R&R 3-4). Judge Brennenstuhl then concluded that equitable tolling was improper and that a Certificate of Appealability should not be issued. (R&R 5-6).

Subsequently, after Petitioner submitted a motion to have James Harrison ("Harrison") act as his next friend in this matter, Respondent Kathy Litteral ("Respondent") moved to strike Harrison's the filing as unauthorized. (Pet'r's Mot. Allow Next Friend, DN 16; Resp't's Mot. Strike, DN 19). This Court adopted the findings and conclusions of the R&R, denied Petitioner's motion to have Harrison act as next friend, and granted Respondent's motion to strike Harrison's pleadings. (Order, DN 23). This Court reasoned that Harrison failed to satisfy his burden to obtain "next friend" status based on the contents of Dr. Gatschenberger's report and Petitioner's prior assertions of his mental competence. (Order 2).

Now, Petitioner has moved for reconsideration of the Court's order adopting the R&R. (Pet'r's Mot. Reconsider, DN 26). The Court has construed that motion to challenge the Court's adoption of Judge Brennenstuhl's R&R concerning equitable tolling, as well as its decision to deny Harrison next friend status.

## II.     JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2254(a).

## III.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, but they do permit litigants subject to an adverse judgment to file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or to file a motion seeking relief from the judgment pursuant to Rule 60(b). *Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *1 (W.D. Ky. Jan. 9, 2017). Neither rule permits a party to reargue a case. *Ayers v. Anderson*, No. 3:16-CV-00572-CRS, 2018 WL 3244410, at *2 (W.D. Ky. July 3, 2018) (citing *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008)). Nor does either rule "allow a defeated litigant a second chance to present new explanations, legal theories, or proof." *Id.* (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)). For both Rule 59(e) and Rule 60(b), the burden of showing entitlement to relief is on the moving party. *See id.* at *1 (citation omitted).

Rule 59(e) motions give district courts an opportunity to fix their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). Granting a Rule 59(e) motion is appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted). Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

Rule 60(b), on the other hand, grants power to courts to "reopen cases well after final judgment has been entered." *Howard*, 533 F.3d at 475 (citation omitted). This rule provides that a court "may relieve a party or its legal representative from final judgment, order, or proceeding" for numerous reasons. Fed. R. Civ. P. 60(b). Because Petitioner did not style his motion for Rule 60(b) relief, the Court must determine which of the grounds enumerated for relief might apply here. In the Court's view, Petitioner's claims potentially fall within two of the categories of relief enumerated in Rule 60(b): "mistake, inadvertence, surprise, or excusable neglect" under 60(b)(1) or some "other reason that justifies relief" under 60(b)(6).

Litigants have 28 days to file Rule 59(e) motions, while Rule 60(b) motions are subject to a one-year time limit from the entry of the judgment. Because Petitioner's motion was entered fourteen days after the Court's order adopting the R&R, the Court will apply the standards for both Rules 59(e) and 60(b). *See Ayers*, 2018 WL 3244410, at *1-2.

## IV. <u>DISCUSSION</u>

There is a one-year statute of limitations for petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1). Equitable tolling applies in situations where the Petitioner can show he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing timely. *Holland v. Florida*, 560 U.S. 631, 649 (2010). To obtain equitable tolling on the basis of mental incompetence, a petitioner must demonstrate both that he is mentally incompetent and that his mental incompetence caused his failure to comply with the statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).

A petition for a writ of habeas corpus must also be in writing and "signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). To act on a prisoner's behalf, the putative next friend must demonstrate that:

4

(1) the prisoner is unable to prosecute the case on his own behalf due to inaccessibility, mental incompetence, or other disability; and (2) the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . ." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64. The putative next friend must clearly establish the "propriety of his status to justify the jurisdiction of the court." *Id.* at 164 (citations omitted). Standing to proceed as next friend on behalf of a habeas petitioner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

### A. Rule 59(e)

Under the first enumerated standard for Rule 59(e), the Court is confident that there has not been a clear error of law. Regarding equitable tolling and denying his habeas petition as untimely, Petitioner fails to offer any evidence to rebut the conclusion that his mental retardation is only partially supported by the record. Instead, he refers to other portions of Dr. Gatschenberger's report to reargue the issue of mental competence. (Pet'r's Mot. Recons. 2-3). Although Dr. Gatschenberger found that Petitioner's issues might be attributable to his antisocial tendencies and that he would be a good candidate for a drug screen, Petitioner contends these observations have no bearing on assessing his mental retardation. These assessments tend to support the Court's conclusion, however, that Petitioner's issues, as reported by Dr. Gatschenberger, may be attributed to his other characteristics and not his limited cognitive capabilities. (Order 2 (citing Pet. App. 10-14, DN 1-3)). This impression is further supported by the Kentucky Court of Appeals' determination that Dr. Gatschenberger's report did not warrant a mental competency hearing—a conclusion which was even further supported by Petitioner's own statements at the time that he was in good mental condition. *Melton*, 2011 WL 2078590, at *3-4. Similarly, Petitioner offers no rebuttal for Dr. Gatschenberger's opinion that he is "fully oriented

with good reality contacts." (R&R 4 (citing Pet. App. 11)). Likewise, Petitioner does not offer anything in response to this Court's conclusion that his cognitive limitations did not cause his failure to comply with the statute of limitations. *See Ata*, 662 F.3d at 742. Accordingly, Petitioner fails to satisfy his burden to show equitable tolling should apply.

Regarding next friend status, Harrison failed to satisfy his burden "to demonstrate, not simply assert, the incompetence of the prisoner." *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001). As this Court has already determined, any claim that Petitioner is mentally incompetent is only partially supported by Dr. Gatschenberger's assessment. (Order 2). While Dr. Gatschenberger reported Petitioner has an IQ within the mildly retarded range, he also attributed many of Petitioner's issues to his antisocial tendencies and noted that he was a good candidate for a drug screen. (Order 2). Under the Rule 59(e) standard, Petitioner's motion offers no material rebuttal to these factual assessments, but as described above, instead refers to other portions of Dr. Gatschenberger's report. Without more, there has been no showing of a clear error of law in finding that Harrison did not qualify as next friend for Petitioner.

Petitioner does not contend "newly discovered evidence" or "an intervening change in controlling law" under Rule 59(e) are applicable to this matter. Regarding "a need to prevent manifest injustice," Petitioner attempts to reargue his innocence in the underlying case for which was convicted by a jury. (Pet'r's Mot. Reconsideration 4). As discussed above, however, motions for reconsideration are not to be construed as an opportunity for parties to reargue their cases. *Whitehead*, 301 F. App'x at 489. Accordingly, Petitioner has failed to justify relief under any of the enumerated provisions of Rule 59(e) for either his equitable tolling or next friend arguments. *See Marshall*, 2007 WL 1175046, at *2 (noting that Rule 59(e) motions are extraordinary and sparingly granted.").

6

**B.     Rule 60(b)**

Petitioner's claims potentially fall under "mistake" under 60(b)(1) or some "other reason that justifies relief" under 60(b)(6). "Mistakes" for purposes of Rule 60(b)(1) can be construed as both "legal errors" and "judicial mistakes." *Harvey*, 2017 WL 89492, at *4 (internal quotation marks omitted) (citations omitted). Legal errors refer to identifying and applying the incorrect legal standard and judicial mistakes refer to mistakes as to applying relevant law. *See Pierce v. United Mine Workers Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983).

Petitioner does not assert that the Court considered incorrect case law in its discussions of equitable tolling or next friend status. As discussed in more detail above, the Court is also unpersuaded it misapplied the law to these facts because Petitioner, and later Harrison, both failed to satisfy their burden to demonstrate Petitioner's mental incompetence for purposes of equitable tolling and next friend status, respectively. Accordingly, relief is inappropriate under Rule 60(b)(1).

"[R]elief may be granted under Rule 60(b)(6) 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (citation omitted). Relief under Rule 60(b)(6) is limited to "unusual and extreme situations where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (emphasis in original) (citation omitted). "Relief under Rule 60(b)(6) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Id*. (alteration omitted) (internal quotation marks omitted) (citation omitted).

No such extraordinary circumstances exist in this matter to justify relief under Rule 60(b)(6). As discussed above, the Magistrate Judge determined, and this Court agreed, that the petition was procedurally barred because Petitioner filed it more than eight years too late. Equitable tolling was inapplicable because Petitioner both failed to prove sufficiently his mental incompetence and demonstrate how his limited cognitive abilities prevented him from timely filing. Next friend status was likewise inapplicable because Harrison failed to satisfy his burden to prove mental incompetence. Regardless, preventing Harrison from acting as Petitioner's next friend will have no impact on the conclusion that Petitioner's habeas petition is time barred. Accordingly, relief is inappropriate under Rule 60(b)(6).

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (DN 26) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 22, 2018

cc: counsel of record
Billy Keith Melton, *pro se*

8